REED, APPELLANT, *v.*
[OHIO] STATE MEDICAL BOARD, APPELLEE.

(No. 87AP-565—Decided January 19, 1988.)

*Charles E. Taylor,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Christopher J. Costantini,* for appellee.

MCCORMAC, J. Appellee, Ohio State Medical Board, revoked the certificate of Gary L. Reed, appellant, to practice medicine in Ohio. Appellant moved the Court of Common Pleas of Franklin County for a hearing *de novo* on the Ohio State Medical Board's revocation, which court overruled the motion and affirmed the order of the Ohio State Medical Board.

Reed appeals, asserting the following assignments of error:

"1. The lower court erred in that its decision is not in accordance with law as the administrative hearings were not noticed to the appellant and by reason thereof he [Reed] was denied due process and a fair hearing in the *ex parte* proceeding.

"2. The lower court erred in that its decision is not in accordance with law as the order of revocation was in excess of the board's authority under R.C. 4731.22(B)(15).

"3. The proceedings were not in accordance with law as the second evidential hearing was held *ex parte* without notice to the appellant."

The Ohio State Medical Board sent a certified letter to Gary Reed on November 17, 1982. The receipt was signed on November 22, 1982 by Clara Reed. In the letter, the Ohio State Medical Board notified Reed that it in-

tended to decide whether to revoke his medical certification based on R.C. 4731.22(B)(15) and (B)(16). The reason given was that "[y]ou are unable to practice according to acceptable and prevailing standards of care by reason of illness, excessive use of alcohol, excessive use of controlled substances, drugs, or chemicals, or as a result of a mental or physical condition." Reed was given an opportunity to request a hearing on this issue within thirty days of the time of mailing of the notice. Reed retained an attorney and requested a hearing.

The Ohio State Medical Board and Reed negotiated a settlement in March 1983, which Reed refused to sign. As a result, Reed's attorney withdrew. Reed retained a second attorney. A later hearing date was set for February 8, 1984. A continuance was granted until March 14, 1984. However, Reed's second attorney withdrew so another continuance was granted and the hearing was finally held on May 9, 1984. Reed was subpoenaed by the Ohio State Medical Board to attend this hearing. The return of service on the subpoena stated that it was served on the appellant by the Franklin County Sheriff's office.

Reed did not appear at the May 9, 1984 hearing, at which he was to represent himself. Dr. Oxley, the hearing officer, heard the case without Reed and made a report and recommendation that Reed's license to practice medicine and surgery in Ohio be indefinitely suspended. This report was sent to Reed by certified mail.

Reed retained a third attorney who timely filed written objections to this report. He stated that Reed's due process rights had been violated. He claimed Reed had been unable to attend the May 9, 1984 hearing because he was incarcerated. The Ohio State Medical Board, at its monthly meeting on September 12, 1984, was to hear Reed's case.

Because of Reed's objections in regard to his inability to attend the hearing because of his incarceration, his case was tabled until Oxley could make a recommendation concerning Reed's incarceration. Oxley concluded, based on Reed's recognizance papers which were signed by Reed, the date of his release from jail, and testimony of the Franklin County Jail Administrator, that Reed was released from jail on May 4, 1984, and thus was not incarcerated on the day of the hearing.

On October 10, 1984, at its monthly meeting, the medical board reviewed Reed's case. After considering the hearing record, Oxley's proposed findings and order, and recommendation, together with the objections raised by Reed's attorney, the medical board revoked Reed's license to practice in Ohio.

Appellant argues that the lower court erred because its decision is not in accordance with the law since the administrative hearings were not noticed to the appellant. The appellant claims that he was denied due process and a fair hearing.

R.C. 119.07 sets forth the procedure an agency is to follow in its initial charge letter when it notifies the person that it intends to issue an adjudicatory order. It provides, in part, that:

"* * * Such notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for such proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice. * * *"

R.C. 119.07 only requires that an agency *notify* a party of the scheduled hearing by providing:

"Whenever a party requests a hearing in accordance with this section and section 119.06 of the Revised Code, the agency shall immediately set

the date, time, and place for such hearing and forthwith notify the party thereof. * * *"

Appellant was initially notified by certified mail, return receipt requested, on November 17, 1982, that the medical board intended to decide whether to revoke his certificate. In the letter, the medical board said it was taking this action because "[y]ou are unable to practice according to acceptable and prevailing standards of care * * *" and that the board was taking this action pursuant to R.C. 4731. 22(B)(15) and (B)(16). Reed was notified that he was entitled to a hearing if he requested it within thirty days of the time of mailing of the notice and that he was entitled to appear at the hearing in person or with his attorney. This letter complied with R.C. 119.07.

The medical board granted continuances twice, postponing Reed's hearing from March 9, 1983 until May 9, 1984. Prior to the hearing on May 9, 1984, the medical board issued a subpoena to appellant which was served by the Franklin County Sheriff's office on April 9, 1984.

Thus, Reed had notice of the hearing and there was compliance with R.C. 119.07. The notice conformed with due process standards and there was no violation of appellant's constitutional rights in proceeding with the hearing in appellant's absence.

Appellant's first assignment of error is overruled.

In appellant's second assignment of error, the appellant argues that the lower court's decision was not in accordance with law because the order of revocation was in excess of the board's authority under R.C. 4731.22 (B)(15).

According to the medical board's letter, dated November 17, 1982, the Ohio State Medical Board was considering actions against Reed pursuant to R.C. 4731.22(B)(15) and (B)(16).

According to R.C. 4731.22(B)(15), which was in effect at the time of the hearing on May 9, 1984 (140 Ohio Laws, Part I, 1957, 1959):

"(B) The board, by a vote of not less than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate * * * for one or more of the following reasons:
"* * *

"(15) Inability to practice according to acceptable and prevailing standards of care by reason of illness, excessive use of alcohol, excessive use of controlled substances, drugs, or chemicals, or as a result of a mental or physical condition. * * * An individual licensed by this chapter affected under this section shall be afforded an opportunity to demonstrate to the board that he can resume his practice in compliance with acceptable and prevailing standards under the provisions of his certificate. * * *"

Appellant did not take advantage of his opportunity to demonstrate ability to resume practice as he chose not to attend the hearing.

The medical board's revocation of Reed's certificate to practice medicine was not in excess of the board's authority under former R.C. 4731.22 (B)(16).

Appellant's second assignment of error is overruled.

In appellant's third assignment of error, he argues that the proceedings were not in accordance with law as the second evidentiary hearing was held *ex parte* without notice to him.

The medical board held its monthly meeting on September 12, 1984. This is the alleged second hearing to which appellant refers. At this meeting, the board requested that Oxley look into appellant's claim that he was in jail on May 9, 1984, and thus unable to attend the May 9, 1984 hearing. The medical board deferred the question of Reed's certification until Oxley made a recommendation on this allegation.

While there should be an opportunity for the party not presenting the additional evidence to respond to that evidence, there was no prejudice in this case, as it is conceded that appellant was not incarcerated at the time of the first hearing. That additional evidence went only to this issue.

Appellant's third assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and BRYANT, JJ., concur.